**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WELLS FARGO BANK, N.A.                     *
One Home Campus
Des Moines, IA 50328-0001                  *

And                                        *

STANITA R. SCOTT                           *
616 Emerson Street, NW
Washington, D.C. 20011                     *

     *Plaintiffs*
v.                                         *

FEDERAL NATIONAL                           *
MORTGAGE ASSOCIATION
                                           *
    Serve on:
    Legal Department                 *
    3900 Wisconsin Avenue, NW
    Washington, DC 20016             *

                                           *
And                                                 Case No.:_____
                                           *
BIMINI CAPITAL MANAGEMENT, INC.
7 St. Paul Street, Suite 1660              *
Baltimore, Maryland 21202
                                           *
    Serve on Resident Agent:
    CSC-Lawyers Incorporating        *
    Service Company
    7 St. Paul Street, Suite 1660    *
    Baltimore, Maryland 21202
                                           *
And                                        
                                           *
MORTCO TRS, LLC                            
                                           *
    Serve on Registered Agent:
    Corporation Service Company      *
    2711 Centerville Road, Suite 400

Wilmington, Delaware 19808          *

     *Defendants*                     *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT FOR DECLARATORY JUDGMENT TO QUEIT TITLE

Plaintiffs, Wells Fargo Bank, N.A. ("Wells Fargo") and Stanita R. Scott ("Scott") (collectively, where appropriate, "Plaintiffs"), by and through their attorneys, Council, Baradel, Kosmerl & Nolan, P.A., Michael N. Russo, Jr., Michael S. Steadman, Jr., Brian T. Gallagher and Kim N. Doan, hereby sue Defendants Federal National Mortgage Association ("Fannie Mae"), Bimini Capital Management, Inc. ("Bimini") and Mortco TRS, LLC ("Mortco") (collectively, where appropriate, "Defendants") and state as follows:

### Subject Property

1.     The instant matter involves conflicting claims in interest to the real property located at 616 Emerson Street, N.W., Washington, D.C. 20011, further described as follows:

> LOT NUMBERED 105 IN D.J. DUNIGAN, INC. SUBDIVISION OF
> LOTS IN SQUARE NUMBERED 3214 AS PER PLAT RECORDED IN
> LIBER 80 AT FOLIO 49 IN THE OFFICE OF THE SURVEYOR FOR
> THE DISTRICT OF COLUMBIA

("Subject Property"). *See* Deed conveying Subject Property to Brent Haynes, recorded with the Recorder of Deeds for the District of Columbia ("Recorder of Deeds") as Instrument Number 2003043776 on April 14, 2003 ("Haynes Deed"), a copy of which is attached hereto and incorporated herein as Exhibit 1.

### Parties

2.     Wells Fargo is a nationally chartered banking institution engaged in the business, in pertinent part, of extending purchase money loans for commercial and residential

2

properties in the District of Columbia.  Wells Fargo is the successor in interest and current holder of a purchase money loan and secured interest in the Subject Property granted by Scott.

      3.      Scott is the current owner of the Subject Property, subject to a purchase money loan extended by Wells Fargo's predecessor in interest to a Deed of Trust granted by Scott to secure her repayment of said loan against her title interest in the Subject Property.

      4.      Fannie Mae is a federally chartered, sponsored, and regulated corporation, engaged, in relevant part, in making, holding and/or servicing loans secured by real property in the District of Columbia.  Fannie Mae is former owner of the Subject Property and a necessary party to remove the cloud on title addressed in this lawsuit.

      5.      Bimini is a Maryland Corporation engaged, in relevant part, in investing in residential mortgage securities issued by Fannie Mae for properties located in the District of Columbia. *See* "Bimini Company Overview" taken from website for Bimini, a copy of which is attached hereto and incorporated herein as Exhibit 2.  Bimini operates and is taxed as a real estate investment trust ("REIT").  *Id.*  *See also* Bimini "Form 10-Q-XML, Notes to Consolidated Financial Statements" dated May 7, 2012 ("Bimini Organization Information"), a copy of which is attached hereto as Exhibit 3. Upon information and belief, Bimini was formerly known as, merged with, subsumed, and/or conducts business in the trade name of the following entities: Star Mortgage Services, LLC; Orchid Island TRS, LLC; Opteum Financial Services, LLC; Homestar Mortgage Services, LLC; and Mortco TRS, LLC.  These entities and/or trade names are implicated in the chain of title for the Subject Property of public record and, given its apparent ownership interest in these entities, Bimini is a necessary party to remove the cloud on title addressed in this lawsuit.

3

6.      Mortco is, on information and belief, a wholly owned subsidiary of Bimini, is managed by Bimini, and which has engaged, in pertinent part, in the business of investing in residential mortgage securities issued by Fannie Mae for properties located in the District of Columbia.  *See* Bimini Company Overview, Exhibit 2; Bimini Organization Information, Exhibit 3.  Upon information and belief, Mortco is the current name for an entity that has undergone several name changes, including the following: "Homestar Mortgage Services, LLC" "Opteum Financial Services, LLC," "Orchid Island TRS, LLC" and now "Mortco TRS, LLC."  *Id.*; *see also* Delaware Division of Corporations, "General Information – Entity Details" printout for Mortco TRS, LLC ("Mortco Entity Details"), attached hereto and incorporated herein as Exhibit 4.

7.      On information and belief, Mortco, while named "Homestar Mortgage Services, LLC" in 2004, further conducted business in the name of "Star Mortgage Services, LLC," an entity that is implicated in the chain of title for the Subject Property of public record, and as a party that purportedly conveyed fee simple title to the Subject Property in that chain of title, Mortco is a necessary party to remove the cloud on title addressed in this lawsuit.

## Jurisdiction

8.      This Court has jurisdiction over this matter pursuant to both 28 U.S.C. §1331 and 1332.  Federal question jurisdiction arises pursuant to 12 U.S.C. §1723a(a), which authorizes Fannie Mae to "sue and be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal."  The majority of District Courts have held this provision to confer subject-matter jurisdiction in Fannie Mae cases.  *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust ex rel. Fed. Nat. Mortg. Ass'n v. Raines*, 534 F.3d 779, 785

4

(D.C. Cir. 2008); *Grun v. Countrywide Home Loans, Inc.*, 2004 WL 1509088, at *2 (W.D.Tex. July 1, 2004); *Connelly v. Fed. Nat'l Mortgage Ass'n,* 251 F.Supp.2d 1071, 1073 (D.Conn.2003); *C.C. Port, Ltd. v. Davis–Penn Mortgage Co.,* 891 F.Supp. 371, 372 (N.D.Tex.1994), *aff'd,* 58 F.3d 636 (5th Cir.1995); *Peoples Mortgage Co. v. Fed. Nat'l Mortgage Ass'n,* 856 F.Supp. 910, 917 (E.D.Pa.1994).

9.     Defendants are also subject to personal jurisdiction of this Court pursuant to diversity and amount in controversy pursuant to 28 U.S.C. §1332.  Plaintiff Wells Fargo is a federally chartered banking institution formed under the laws of the State of Delaware, with its principal headquarters located in San Francisco, California.  Plaintiff Scott is an individual residing in the District of Columbia.  Defendant Bimini is incorporated under the laws of the state of Maryland with their principle headquarters located in Vero Beach, Florida.  Defendant Mortco is an entity formed under the laws of the State of Delaware, with its principle headquarters located, on information and belief, in Vero Beach, Florida.  The Subject Property at the center of this controversy is located in the District of Columbia.  The amount in controversy exceeds $75,000: the Subject Property has a 2012 tax assessed value of $415,000.00, according to the District of Columbia Office of Tax and Revenue.

**Facts Common to All Counts**

10.     Pursuant to the Haynes Deed, dated April 3, 2003, and recorded with the Recorder of Deeds as Instrument No. 2003043776 on April 14, 2003, an entity known as Trick and Treed LLC conveyed the Subject Property to Brent Haynes in fee simple. *See* Haynes Deed, Exhibit 1.

11.     By Deed of Trust executed on April 3, 2003, and recorded with the Recorder of

5

Deeds as Instrument No. 200304777 on April 14, 2003, Hayes granted a lien interest against his fee simple title in the Subject Property, as security for his repayment of a purchase money loan used to finance his purchase of the Subject Property ("Haynes Deed of Trust").

12.     On information and belief, Haynes subsequently defaulted on his purchase money loan payments, and the Subject Property was foreclosed upon by the secured lender under the terms of the Haynes Deed of Trust, as noticed in a Notice of Foreclosure recorded with the Recorder of Deeds as Instrument No. 2003138314 on October 17, 2003.

13.     By Trustees' Deed dated December 12, 2003, and recorded with the Recorder of Deeds as Instrument No. 2003187786 on December 31, 2003 ("Fannie Mae Deed"), Fannie Mae acquired fee simple title to the Subject Property at foreclosure. *See* Fannie Mae Deed, attached hereto and incorporated herein as Exhibit 5.

14.     Upon information and belief, the Subject Property was purchased from Fannie Mae by (present day) Mortco in 2004, when Mortco conducted business, and was known as "Opteum Financial Services, LLC." On information and belief, Mortco – again, at that time known as either "Opteum Financial Services, LLC" or "Orchid Island TRS, LLC" – was a loan servicer with an ongoing business relationship with Fannie Mae, in relationship to the Subject Property and other properties located in the District of Columbia.

15.     For reasons unknown, there has never been any Deed conveying title in the Subject Property from Fannie Mae to Mortco, in its own name or any prior name of that entity (including "Opteum Financial Services, LLC" or "Orchid Island TRS, LLC") recorded with the Recorder of Deeds, or any such Deed was improperly recorded or mis-indexed, and cannot be located in the public records for the Recorder of Deeds.

16.     Fannie Mae has indicated that a Deed was in fact issued in 2004 to grantee "Orchid Island TRS, LLC," but Fannie Mae has been unable to produce a copy of any such Deed.

17.     On information and belief, Fannie Mae did in fact convey title in the Subject Property to Defendant Mortco (under one of its prior corporate names or trade names), but for whatever reason, that Deed was never recorded with the Recorder of Deeds, or any such Deed was improperly recorded or mis-indexed, and cannot be located in the public records for the Recorder of Deeds.

18.     By Special Warranty Deed executed on December 10, 2004, and recorded with the Recorder of Deeds as Instrument Number 2005177295 on December 12, 2005, an entity known as "Star Mortgage Services, LLC" purportedly conveyed the Subject Property to Florie McIntosh in fee simple ("Star Mortgage Deed"). A copy of the Star Mortgage Deed is attached hereto and incorporated as Exhibit 6.

19.     On information and belief, "Star Mortgage Services, LLC" was at that time a trade name, and/or a misnomer, for Defendant Mortco, the true grantor of the Star Mortgage Deed.

20.     There is no record or indication in the public land records kept and maintained by the Recorder of Deeds that "Star Mortgage Services, LLC" has ever actually held any ownership interest in the Subject Property. The Star Mortgage Deed is the only record instrument in the Recorder of Deeds identifying Star Mortgage Services, LLC; on information and belief, there is no record of any entity entitled "Star Mortgage Services, LLC" having ever filed any incorporating documents in the District of Columbia.

7

21.     On information and belief, the grantor on the Star Mortgage Deed was misidentified as "Star Mortgage Services, LLC" through a scrivener's error, as that Deed should have identified the grantor as Defendant Mortco – under its then-name Opteum Financial Services, LLC, its prior name, Homestar Mortgage Services, LLC, or its subsequent name, Orchid Island TRS, LLC. *See ¶ 6, supra.*

22.     By Deed dated February 15, 2006, and recorded with the Recorder of Deeds as Instrument No. 2006172285 on December 20, 2006, Florie McIntosh conveyed fee simple title in the Subject Property to Sabrina Miriam Weinberg.

23.     By Deed dated May 11, 2007, and recorded with the Recorder of Deeds as Instrument No. 2007070177 on May 24, 2007, Sabrina Miram Weinberg conveyed fee simple title in the Subject Property to Darius Wilkins.

24.     By Trustees' Deed dated May 6, 2008, and recorded with the Recorder of Deeds as Instrument No. 2008063161 on June 11, 2008, Wells Fargo acquired fee simple title to the Subject Property.

25.     By Special Warrant Deed dated June 25, 2009, and recorded with the Recorder of Deeds as Instrument No. 2009073070 on July 8, 2009, Wells Fargo conveyed fee simple title in the Subject Property to D & E Development Corporation.

26.     By Deed dated March 31, 2010, and recorded with the Recorder of Deeds as Instrument No. 2010029528 on April 5, 2010, D & E Development Corporation conveyed fee simple title in the Subject Property to Plaintiff Scott ("Scott Deed"), in exchange for payment of $415,000.00. *See* Scott Deed, attached hereto and incorporated herein as Exhibit 7.

27.     Scott's purchase of the Subject Property was financed in large part through a

purchase money loan in the amount of $407,483.00 extended by the Walker Jackson Mortgage Corporation, the originating lender and predecessor in interest to Plaintiff Wells Fargo; Scott's repayment of that loan is secured against the Subject Property pursuant to a Deed of Trust granted by Scott on March 31, 2010 and recorded with the Recorder of Deeds as Instrument No. 2010029529 on April 5, 2010 ("Wells Fargo Deed of Trust"). *See* Wells Fargo Deed of Trust, attached hereto and incorporated herein as Exhibit 8.

28.    Scott's fee simple interest in the Subject Property is clouded due to the apparent break in the chain of title between the Fannie Mae Deed (conveying title to Fannie Mae), recorded on December 31, 2003, and  the Star Mortgage Deed to Florie MacIntosh, recorded on December 12, 2004. *See* ¶¶ 13, 18, *supra*.

29.    This apparent break in the chain of title further clouds Wells Fargo's secured lien interest in the Subject Property, as granted under the terms of the Wells Fargo Deed of Trust.

## COUNT 1
## Declaratory Judgment – Quiet Title

30.    Plaintiffs adopt by reference and incorporate herein in their entirety all previously paragraphs of this Complaint, as if set forth fully below.

31.    Plaintiff Scott is the rightful owner of the Subject Property, by virtue of the Scott Deed recorded with the Recorder of Deeds on April 5, 2010.

32.    Plaintiff Wells Fargo is entitled to secured lien interest against the Subject Property, by virtue of the Wells Fargo Deed of Trust, recorded with the Recorder of Deeds on April 5, 2010.

33. The Plaintiffs respective interests in title to the Subject Property are clouded by the apparent break in the chain of title between the recordation of the Fannie Mae Deed on December 31, 2003 (conveying title to grantee Fannie Mae) and the recordation of the Star Mortgage Services, LLC (conveying title to grantee Florie McIntosh) Deed on December 12, 2004.

34. There exists an actual and justifiable controversy between the parties to this action as to the priority and validity of the Scott Deed and the Wells Fargo Deed of Trust.

35. A Declaratory Decree in this proceeding will terminate the uncertainty and controversy giving rise to this proceeding.

36. Plaintiffs have incurred and will continue to incur counsel fees and other litigation costs and expenses in the prosecution of this case.

37. The Court should exercise its equitable powers to remediate the 'missing link' in the 'chain of title' to the Subject Property between the conveyance to Fannie Mae on December 31, 2003 (through the Fannie Mae Deed, Exhibit 5 hereto), and the conveyance from "Star Mortgage Services, LLC" to Florie McIntosh on December 12, 2004 (through the Star Mortgage Deed, Exhibit 6 hereto), through an equitable declaration that Fannie Mae did, in fact, convey fee simple interest to the entity transacting business as "Star Mortgage Services, LLC" prior to the "Star Mortgage Services, LLC" conveyance of title in the Subject Property to Florie McIntosh. *See* ¶¶ 13 – 21, *supra.*

38. The Court should exercise its equitable powers to declare that the Scott hold fee simple title in the Subject Property pursuant to the Scott Deed, and that Wells Fargo holds a secured lien position against the Subject Property pursuant to the Wells Fargo Deed of Trust.

further requires that this Court to declare that none of the Defendants retain any title interest in the Subject Property, and to Order Defendants to execute a Quitclaim Deed(s) conveying any interest(s) in the Subject Property to Scott.

**WHEREFORE**, for the reasons set forth above, the Plaintiffs respectfully request that this Court enter an Order and Decree:

A.      Declaring that the Scott Deed is a legal and valid Deed, by which Scott acquired fee simple title in the Subject Property on March 31, 2010;

B.      Declaring that the Wells Fargo Deed of Trust is a legal and valid Deed of Trust securing a lien interest against the Subject Property in favor of Wells Fargo under the terms of that instrument, as of March 31, 2010;

C.      Declaring that prior to December 10, 2005 (the execution date of the Star Mortgage Deed), Fannie Mae had lawfully conveyed fee simple interest in title to the Subject Property to Star Mortgage Services, LLC, enabling that entity to lawfully convey title in the Subject Property through its grant of the Star Mortgage Deed to Florie McIntosh;

D.      Declaring that none of the named Defendants in this lawsuit hold  any interest in title to the Subject Property;

E.      Ordering each of the Defendants to execute a Quitclaim Deed conveying any purported interest in the Subject Property to Scott, the rightful and lawful owner, or, in the event that any Defendant should fail to comply with this Order, appointing a Trustee authorized and Ordered to grant said Quitclaim Deed to Scott on behalf of each and every such Defendant;

F.      Providing any injunctive relief necessary to effect the Declaration as requested above; and

G.    Granting any and such further relief as this Court deems appropriate for this

matter.

COUNCIL, BARADEL,
KOSMERL & NOLAN, P.A.

By:

Michael N. Russo, Jr. (Bar No. 424712)
Michael S. Steadman, Jr. (Bar No. 502347)
Kim N. Doan
125 West Street, 4th Floor
Post Office Box 2289
Annapolis, MD 21404-2289
Washington: (301) 261-2247
*Attorneys for Plaintiff*

12